870 P.2d 399

**In the Matter of a Member of the State Bar of Arizona, Steven Todd AUGENSTEIN, Respondent.**

**No. SB–94–0009–D.**

**Comm. Nos. 91–0393, 91–1279.**

Supreme Court of Arizona.

Feb. 3, 1994.

Yigael M. Cohen, State Bar Counsel, Harriet L. Turney, Chief Bar Counsel, for State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that STEVEN TODD AUGENSTEIN, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **STEVEN TODD AUGENSTEIN** shall pay restitution in the following amounts to the following individuals:

Patrick Gizis        —  $1,700.00
F.B. Jolley, M.D.  —  $2,547.71

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **STEVEN TODD AUGENSTEIN** for costs incurred by the State Bar of Arizona in the amount of $801.98, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

### OF THE

### SUPREME COURT OF ARIZONA

In the Matter of

STEVEN TODD AUGENSTEIN,

a Member of the State

Bar of Arizona

RESPONDENT.

Comm. Nos. 91–0393, 91–1279

*DISCIPLINARY COMMISSION REPORT*

[Filed Nov. 15, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on September 11, 1993, for oral argument, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of probation. The State Bar filed an objection to the Hearing Committee's recommendation.

*Sanction*

After consideration of the arguments of the State Bar and Respondent, the Commission, with six members concurring and two dissenting,[1] rejects the Committee's recommendation that Respondent be placed on a two-year probation only, and recommends that Respondent be censured. In addition, seven members of the Commission, with one dissenting,[2] concur in the recommendation that Respondent be placed on probation for a period of two years, under the terms and conditions set forth below, which are identical to those recommended by the Committee. Finally, a concurrence of the eight members present recommend that Respondent make restitution in the total amount of $4,247.71, to Clients A and the Doctor, as detailed in the probationary terms below.

*Findings of Fact and Conclusions of Law*

The Commission unanimously adopts the findings of fact and conclusions of law of the Hearing Committee, with the additional finding that Respondent violated ER 1.2, ER 1.3, ER 1.4, and ER 1.15, as charged in the formal complaint.

*Facts*

Respondent was retained by Client A in February 1987 to represent him in a personal injury action resulting from an automobile accident. Client A provided Respondent with relevant documents concerning the damages he had incurred, but Respondent misplaced those documents. Respondent also failed to keep Client A informed about the status of the case. As a result of Respondent's inattention to the matter, Client A was compelled to settle his claim personally with the insurer for $1,700, although Respondent had indicated to Client A that the claim had a value of $3,000 to $4,000.

In October 1986, Respondent represented Client B regarding injuries she had sustained in an automobile accident. In November 1986, Respondent executed a medical lien in favor of a doctor (the "Doctor") on behalf of Client B. When the case settled in April 1988, the Doctor had received only $1,895.20 of the total balance due of $4,442.91. Respondent failed to notify the Doctor of the settlement, and never paid him the remaining $2,547.71 due.

Respondent failed to respond to letters from the State Bar during the investigation into both of these matters. In fact, Respondent's participation in and cooperation with the disciplinary process concerning these matters has been sporadic. After failing to respond during the investigation, Respondent also failed to file an answer to the formal complaint, which was deemed admitted.[3] However, Respondent then appeared at both the aggravation/mitigation hearing before the Hearing Committee and the hearing before the Commission.

*Discussion*

The Commission finds that, in dealing with Client A, Respondent exhibited a failure to abide by the client's wishes concerning his case, a lack of diligence, and a failure to maintain adequate communication with the client, in violation of ER 1.2, ER 1.3, and ER 1.4. Concerning Client B, Respondent violated ER 1.15 by failing to promptly notify the Doctor of the settlement and satisfy his lien. Respondent also violated ER 8.1 and Rule 51(h) and (i) by failing to cooperate with the State Bar's investigation into both of these matters.

In determining an appropriate sanction, both the Court and the Commission are guided by the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986). *Matter of Tarletz*, 163 Ariz. 548, 789 P.2d 1049 (1990).

---

1. Commissioners Bossé and Bonwell did not participate in the proceedings. P. Michael Drake, of Tucson, participated as an ad hoc member.

   Commissioner Swick dissented, believing that a censure is too harsh of a sanction for the conduct at issue. Commissioner Rubin also dissented, believing that a censure is inadequate, and that some period of suspension is appropriate.

2. Commissioner Rubin dissented from the majority.

3. Rule 53(c)(1).

Standard 4.4 addresses lack of diligence. Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. The complaint in this matter arose out of Respondent's negligence. Respondent lost documents, and failed to keep Client A informed about his case. Respondent's failure to pursue Client A's case compelled Client A to settle the matter on his own, for apparently significantly less than it was worth. As the Commentary to Standard 4.43 indicates, "Most courts impose a [censure] when the lawyer is negligent."

Standard 7.0 addresses violations of duties owed as a professional. Standard 7.3 provides for censure when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system. By failing to respond to numerous letters from the State Bar during the investigation into these matters, Respondent breached his duty to maintain the integrity of the profession, and uphold the self-regulation that is vital to the disciplinary system.

The findings and recommendations of the Committee deserve deference and serious consideration both by the Commission and the Court. *In re Zang,* 166 Ariz. 426, 803 P.2d 419 (1990). However, the Commission is obliged to reach its own conclusions as to the appropriateness of the Committee's findings, conclusions and recommendations based upon its independent review of the Record on Appeal.[4] In this matter, the Commission does not disagree with the Committee's findings of fact and conclusions of law; rather, it believes that the Committee's failure to find that Respondent also violated ER 1.2, ER 1.3, ER 1.4, and ER 1.15 was merely an oversight. However, the majority of the Commission does disagree with the Committee's recommended sanction, as it does not find it to be consistent with concepts of proportionality. The Commission believes the

Standards clearly indicate censure is the appropriate sanction in this matter.

Having concluded that a censure is proportional, it is next appropriate to consider whether factors in aggravation or mitigation require a different sanction. The Committee found three factors in mitigation: the absence of a prior disciplinary record, personal or emotional problems, and physical or mental disability or impairment. In aggravation, the Committee found substantial experience in the practice of law, indifference to making restitution, multiple offenses, and failure to comply with the rules of the Supreme Court by not cooperating with the State Bar's investigation of the matter. The Commission notes that Respondent has indicated that his failure to make restitution is due to his financial status; he is simply unable, rather than unwilling, to make payments of restitution at this time. In addition, while the Commission recognizes Respondent's initial failure to participate in the disciplinary process, Respondent appeared at the hearings before both the Committee and the Commission. Respondent testified at the hearing before the Committee that his negligence and failure to respond to the State Bar were both the result of his depression. The Commission believes the aggravation balances with the mitigation, confirming that censure is warranted.

The State Bar has argued that Respondent's conduct warrants a suspension. Upon review of the conduct and the ABA Standards, the Commission believes a suspension is inappropriate in this matter. However, the Commission also finds that neither would the imposition of only a probationary term, as recommended by the Committee, conform to the recommendations of the ABA Standards. The Commission believes a censure, combined with the terms of probation indicated herein, which include the payment of restitution and cooperation with the Law Office Management Assistance Program ("LO-MAP"), will satisfy the purpose of lawyer discipline, which is to protect the public and the profession, not to punish the offender. *In re Kersting,* 151 Ariz. 171, 726 P.2d 587 (1986).

4. Rule 53(d)(2).

*Terms of Probation*

The Commission recommends that Respondent be placed on probation for a period of two years, subject to the following terms and conditions:

1.   Respondent shall enter into a payment plan to pay restitution to Client A and the Doctor.  Respondent shall pay the sum of $1,700.00 to Client A, which represents the midpoint of the value assigned by Client A to his claim.  Respondent shall pay to the Doctor the sum of $2,547.71, which represents the remaining value of his medical lien.  Upon completion of the payment of the restitution, Respondent shall notify the Disciplinary Clerk.  Respondent may request an extension of the payment plan beyond the term of probation upon a showing of good cause.

2.   For a minimum of eight hours during the period of probation, Respondent shall attend continuing legal education courses approved by the State Bar on the subject of law practice management;

3.   Respondent shall submit to and cooperate with the monitoring of his practice by the State Bar LOMAP program, which shall include filing quarterly reports with the director of LOMAP, or her designee.  These reports shall set forth:

   a.   each of the active cases which Respondent is currently handling or responsible for;

   b.   the status of each listed case;

   c.   the date and type of last action taken on each file;  and

   d.   the date and type of next action anticipated on each matter.

4.   Compliance with all terms of probation is to be reported by Respondent, in writing, to the director of LOMAP or her designee.  If Respondent fails to comply with any of the probationary terms, the State Bar may file a notice of non-compliance with the Hearing Committee.  The Hearing Committee will conduct a hearing at the earliest possible date, but not later than thirty days after receipt of notice, to determine whether non-compliance has occurred and, if so, to recommend any sanc-tion.  Respondent recognizes that non-compliance with the terms of probation constitutes an independent ethical violation.  In any proceedings regarding alleged non-compliance, the burden of proof shall be on the State Bar, and the standard will be by a preponderance of the evidence.

RESPECTFULLY SUBMITTED this 13th day of November, 1993.

   /s/   Mark D. Rubin
   Mark D. Rubin, Vice Chairman
   Disciplinary Commission